Opinion Issued March 13, 2003





 





     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00591-CR




NATANAEL BURGOS TORRES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause No. 677633




O P I N I O N
 
 Appellant, Natanael Burgos Torres, challenges the denial of his motion for
post-conviction forensic DNA (deoxyribonucleic acid) testing. See Tex. Code Crim.
Proc. Ann. Art. 64.01 et seq. (Vernon Supp. 2003). In two points of error, we
determine (1) whether the trial court erred in denying appellant’s motion because he
established by a preponderance of the evidence that exculpatory DNA test results
would have established his innocence and (2) whether the DNA statute allows
appellant to obtain DNA testing by showing a reasonable probability that he would 
have received a different punishment assessment had he had the DNA test results. 
We affirm.
Facts and Procedural History
          On September 7, 1994, a jury found appellant guilty of aggravated robbery and
assessed his punishment at 60 years’ confinement. This Court affirmed on direct
appeal.


 In May 2002, appellant filed a motion in the trial court for forensic DNA
testing of biological evidence. After the State filed its written response to the motion,
the trial court considered the arguments of both parties and denied the motion.
          At trial, there had been testimony that appellant and two other men entered the
complainant’s house and held the complainant and her son captive at gunpoint while
they robbed her. During the commission of the robbery, appellant struck the
complainant in the head with his hands and with a handgun, causing blood to come
out of her mouth. Appellant was arrested at the scene of the robbery while he was
loading the complainant’s property into a car. After taking appellant into custody, the
arresting officer found a handgun in the waistband of appellant’s pants. Appellant
requested that this handgun be tested for the presence of the complainant’s DNA. Innocence 

          In his first point of error, appellant contends that the trial court erred in denying
his motion for post-conviction DNA testing because he established by a
preponderance of evidence that exculpatory DNA test results would have proven his
innocence. See Tex. Code Crim. Proc. Ann. art. 64.03(a)(2)(A) (Vernon Supp.
2003). Appellant claims that the absence of the complainant’s blood on the firearm,
which he alleges would be established by DNA testing, would suffice to show that
he was not the person who robbed the complainant.
          In reviewing the trial court’s decision, we afford almost total deference to the
trial court’s determination of historical-fact issues and application-of-law-to-fact
issues that turn on credibility and demeanor, while we review de novo other
application-of-law-to-fact issues. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997). However, the ultimate question of whether a reasonable probability
exists that exculpatory DNA tests would have proven innocence is an application-of-law-to-fact question that does not turn on credibility and demeanor and is, therefore,
reviewed de novo. Rivera v. State, 89 S.W. 3d 55, 59 (Tex. Crim. App. 2002). To
obtain post-conviction DNA testing, an applicant must establish by a preponderance
of the evidence that “a reasonable probability exists that [he] would not have been
prosecuted or convicted if exculpatory results had been obtained through DNA
testing.” See Tex. Code Crim. Proc. Ann. art. 64.03(a)(2)(A). Thus, an applicant
must show that “a reasonable probability exists that exculpatory DNA tests will prove
[his] innocence.” Kutzner v. State, 75 S.W. 3d 427, 438 (Tex. Crim. App. 2002). A
“reasonable probability” is a probability sufficient to undermine confidence in the
outcome. Ex Parte Guzmon, 730 S.W.2d 724, 723 (Tex. Crim. App. 1987).
          There is not a reasonable probability that the absence of the complainant’s
blood on the firearm found in appellant’s possession would have established
appellant’s innocence because there was other substantial competent evidence that
the jury could have used to convict the appellant. See Rivera, 89 S.W.3d at 60
(holding that reasonable probability will not be found when there exists sufficient
amount of evidence, other than evidence in question, that was used or could have
been used by trial court in finding of guilt). In Rivera, the Court of Criminal Appeals
found that the absence of a victim’s DNA from under the fingernails of the defendant
would not have supported the probability of his innocence in light of the defendant’s
oral confession that was corroborated by independent evidence. Id. (stating, “Even
if one concluded that negative test results supplied a very weak exculpatory inference,
such an inference would not come close to outweighing [defendant’s] confession.”). 

          Similarly, in Kutzner, the defendant moved for forensic DNA testing of hair
strands and fingernail scrapings to prove his innocence. See id., 75 S.W.3d at 439. 
Finding that the testing would not have established the defendant’s innocence by a
reasonable probability, the Court of Criminal Appeals relied on the circumstantial
evidence used to convict the defendant at trial. Id. (stating, “At most, exculpatory
DNA tests on this evidence would ‘merely muddy the waters.’”). Likewise, this
Court and other courts of appeals have held that DNA testing under the DNA statute
is to be granted only when the convicted party establishes his innocence by a
reasonable probability.



          Here, as in Kutzner, Rivera, and Thompson, an abundance of other evidence
exists in the record from which a jury could have found appellant guilty of aggravated
robbery.


 The officer responding to the incident identified appellant as the person he
caught in the act of loading what was later determined to be the complainant’s stereo
into the trunk of a white car. After arresting appellant, the officer found the handgun
in question in the waistband of appellant’s pants. At trial, the complainant testified
that three men, including appellant, entered her house with guns. The complainant
witnessed appellant taking her stereo sets, speakers, jewelry, purses, sneakers, and
“all kinds of stuff.” In addition, the complainant identified appellant as the same man
who hit her in the head with his hands and with the gun in question, dragged her into
her bedroom by her hair, and threatened to hurt her if she did not comply with his
demands.


 
          In light of the existence of other competent evidence establishing appellant’s
guilt, we hold that appellant did not establish by a preponderance of evidence that
exculpatory DNA test results would have proven his innocence. 
          We overrule appellant’s first point of error.
Punishment

          In his second point of error, appellant contends that the trial court erred in
denying his motion for post-conviction DNA testing because he established by a
preponderance of the evidence that exculpatory DNA test results would have affected
the punishment assessed against him. Appellant argues that, because of Texas’
bifurcated system of criminal justice, a defendant is not “convicted” under article
64.03 until a decision is reached on both guilt and punishment. See Tex. Code
Crim. Proc. Ann. art. 64.03(a)(2)(A). Because the statute uses the disjunctive
“prosecuted or convicted,” appellant claims that he has met the requirements of the
DNA statute because he has shown that exculpatory DNA test results would more
likely than not have resulted in a different punishment assessment. Id. (emphasis
added). Appellant urges the court to interpret “convicted” broadly to encompass the
dual nature of conviction and punishment assessment that is inherent in a bifurcated
system. We must, therefore, determine whether the DNA statute allows a defendant
to obtain post-conviction DNA testing merely by showing the probability that he or
she would have received a different punishment. 
          We are aided by the decision of the Court of Criminal Appeals in Kutzner in
which, in another context, the Court considered two possible meanings of the phrase
“a reasonable probability exists that [the defendant] would have been prosecuted or
convicted if exculpatory results had been obtained through DNA testing.” See id., 75
S.W.3d at 437. In Kutzner, the Court was called upon to decide the meaning of the
above phrase to determine the defendant’s burden of proof before obtaining DNA
testing. See id. The Court stated that (1) the statute could mean that a convicted
person must show by a reasonable probability that favorable DNA results would
prove his innocence or (2) the statute could mean only that favorable DNA results
would have resulted in a different outcome, unrelated to the person’s guilt or
innocence, such as a modification in the assessment of punishment. Id. After 
looking at the plain meaning and legislative history of the statute, the Court chose the
former meaning. Id. at 438-39. Therefore, the Kutzner Court has already found the
language “would not have been prosecuted or convicted” to be synonymous with
“innocent.” Id. at 439. 
          Although our case presents a slightly different issue, we can find no reason to
deviate from the Kutzner Court’s interpretation of the same phrase. Accordingly, we
hold that a defendant may not seek forensic DNA testing for the purpose of affecting
the punishment assessed. Therefore, the trial court did not err in denying appellant’s
motion requesting DNA testing for this reason. 
          We overrule appellant’s second point of error.
 
 
 
 
Conclusion
          We affirm the order of the trial court that denied post-conviction forensic DNA
testing. 
 


                                                              Tim Taft
                                                             Justice

Panel consists of Justices Taft, Keyes, and Higley.

Publish. Tex. R. App. P. 47.2(b).